# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DOMENIC M. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-221 |
| | ) | |
| MICHAEL KARF, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Alleging a "government conspiracy with malicious intent to do bodily harm [by] provoking [unknown] government agents [to] abuse plaintiff with electronic devices," doc. 1-1 at 1; *see also* doc. 6 at 2; doc. 7 at 3, plaintiff Domenic M. Williams filed this 42 U.S.C. § 1983 action to redress this "very complicated situation," doc. 1-1 at 1, specifically, the implantation of "electronicle [sic] devices inside my brain and body" by government agents. *Id.* at 2. "[H]ow these agents did it I don't know." *Id.*

These allegations are factually frivolous and qualify for Fed. R. Civ. P. 12(b)(6) dismissal. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1959 (2009) ("The sole exception to this rule [that a court must accept a

complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (a federal court may dismiss an IFP complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges may be all too familiar").

In that Williams has complied with the Court's prior *in forma pauperis* (IFP) order by submitting his IFP paperwork, doc. 4 & 5, the allegations also authorize *sua sponte* dismissal under 28 U.S.C. § 1915A, which requires courts to identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief. *See also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"); *Denton,* 504 U.S. at 32-33 ("clearly baseless" allegations that are fanciful, fantastic, and delusional may be dismissed).

Plaintiff's allegation that federal agents are somehow without his knowledge implanting electronic devices into his "brain and body" is factually frivolous. Accordingly, his two complaints (doc. 1 & 6) should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as there is not even the slightest possibility that they can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED,** this 20th day of December, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**